Melvin v. Comm'r of Corrections        CV-97-192-SD   01/05/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


<u>David Melvin</u>


        v.                                Civil No. 97-192-SD


<u>Commissioner of Corrections, et al</u>


O R D E R


        Plaintiff pro se David Melvin has moved for reconsideration of an order of the magistrate judge.  Documents 21, 23.[1]  That order, issued on November 17, 1997, granted defendants' motion to strike default.  Document 18.[2]  For the reasons that follow, the motion for reconsideration must be denied.


1.  Background

        Plaintiff is an inmate at New Hampshire State Prison (NHSP), and in his complaint he seeks relief for what he perceives to have been violations of his civil rights.  Injunctive relief was among his claims, and accordingly the magistrate judge, following expedited hearing, denied that form of relief.

---

        [1]Document 21 is the motion for reconsideration, and document 23 is the plaintiff's memorandum in support thereof.

        [2]Document 18 is the motion to strike default, upon which the magistrate judge ruled by medium of a margin order.

For reasons unclear, although the defendants participated in the injunction hearing, they took no further steps to answer or otherwise plead to the complaint.[3]  Accordingly, default was entered against defendants on October 15, 1997.  The motion to strike default was filed in this court on October 21, 1997.


## 2.  Discussion

Rule 55(c) permits an entry of default to be set aside "for good cause shown."[4]  A mutable and liberal standard varying from situation to situation, Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989), such "good cause" requires the appraisal of certain guidelines.  These guidelines include (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved;

---

[3]Defendants' motion indicates in part their reliance on an agreement between the court and the office of the state attorney general concerning the issuance of a Report and Recommendation of the magistrate judge where prisoners appear in forma pauperis. Recent federal legislation (followed by amendments of national and local procedural rules) requires prisoners to fund their own civil rights litigation, and accordingly they no longer appear in forma pauperis.  In any event, the magistrate judge found that confusion as to service demonstrated in the file was sufficient for a grant of the motion to strike the default.

[4]Rule 55(c), Fed. R. Civ. P., provides, "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

and (7) the timing of the motion. McKinnon v. Kwong Wah Restaurant, 83 F.3d 498, 503 (1st Cir. 1996) (citing Coon, supra, at 76).

Review of these guidelines satisfies the court that, with respect to those numbered (1) through (5) and (7), in each instance, the guidelines favor the position of the defendants.[5] Accordingly, having in mind that setting aside an entry of default "is in keeping both with the philosophy that actions should ordinarily be resolved on their merits . . . and with the command of the civil rules themselves," Coon v. Grenier, supra, at 76 (citations omitted), the court finds and rules that the motion for reconsideration must be and it is herewith denied.

## 3. Conclusion

Finding that the order of the magistrate judge was neither "clearly erroneous [n]or contrary to law," 28 U.S.C. § 636(b)(1)(A), the court has denied plaintiff's motion for reconsideration of the order striking the default.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 5, 1998

_____

[5]At this stage of the proceedings, where little discovery has been had, the amount of money involved, set forth in guideline number (6), cannot be determined.

cc:    David Melvin, pro se
       Daniel J. Mullen, Esq.